REMAND / JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-2510-GW-MRWx | Date | May 5, 2020 |
|---|---|---|---|
| Title | Kirk Knostman v. Clean Harbors Environmental Services, Inc., et al. | | |

Present: The Honorable GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING MOTION TO REMAND; AND REMANDING ACTION TO STATE COURT

A motion to remand is set for hearing in this matter on Thursday, May 14, 2020. The Court finds that the matter can be resolved without the need for oral argument and, hence, the hearing is vacated. *See* C.D. Cal. L.R. 7-15. For the reasons stated herein, the motion is granted, and the matter is remanded to Los Angeles County Superior Court forthwith.

The analysis here need not be lengthy. Defendant Safety-Kleen Envirosystems Company (erroneously sued as Safety-Clean Envirosystems Company, Inc.) ("Safety-Kleen") is non-diverse from plaintiff Kirk Knostman ("Plaintiff"). Safety-Kleen and its co-defendant Clean Harbors Environmental Services, Inc. ("CHESI") removed the case, asserting that Safety-Kleen had been fraudulently-joined because it was never Plaintiff's employer and all of the claims in Plaintiff's Complaint require the existence of an employment relationship. Plaintiff clearly alleges the contrary is true in his Complaint. *See* Complaint ¶¶ 10, 15. But in order for Defendants' argument – repeated and fleshed-out in the Opposition to the instant motion – to prevail, the Court would have to – at the jurisdictional doorstep – either: 1) conclude that there is no possible way it would allow Plaintiff an opportunity to amend to improve any allegations in the Complaint the Court found deficient or 2) in effect, make factual findings and/or draw legal conclusions regarding any employment relationship (under multiple potential theories, applying multiple potentially-applicable tests) between Plaintiff and Safety-Kleen before Plaintiff has had any opportunity to conduct any discovery.

The Court does not believe the fraudulent joinder doctrine works in this manner. The Ninth Circuit's 2018 decision in *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543 (9th Cir. 2018), supports this conclusion. For instance, that decision instructs that while "the fraudulent joinder standard shares some similarities with the analysis under Rule 12(b)(6)" because "[b]oth require some assessment of the plaintiff's lawsuit," *id.* at 549, it also drives home the distinction between the two. "If

:

Initials of Preparer  JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2510-GW-MRWx | Date | May 5, 2020 |
|---|---|---|---|
| Title | Kirk Knostman v. Clean Harbors Environmental Services, Inc., et al. | | |

a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there.  For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550; *see also, e.g.*, *Corona v. Quad Graphics Printing Corp.*, 218 F.Supp.3d 1068, 1072 (C.D. Cal. 2016); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F.Supp.3d 1024, 1034 (C.D. Cal. 2016).  Notably, CHESI and Safety-Kleen avoid any discussion, citation to, or even acknowledgment of the existence of *Grancare*.  Pursuant to *Grancare*, CHESI and Safety-Kleen have not provided a basis for an appropriate application of the fraudulent joinder doctrine.  As a result, complete diversity does not exist in this case (at least at this time).

   While the Court acknowledges that removing defendants asserting fraudulent joinder are entitled to present facts demonstrating fraudulent joinder, *see, e.g.*, *Grancare*, 889 F.3d at 549, the Court believes that, unless those facts demonstrate either a factual or legal *impossibility* of any claim being asserted or proven against the non-diverse defendant, it is inappropriate for the Court to resolve such a merits issue at this stage, and before discovery has begun.  Here, CHESI and Safety-Kleen actually "acknowledge the possibility of a joint employer relationship between" them.  Docket No. 16, at 6:1-2.  If the actual facts regarding Plaintiff's employer are instead as clear as CHESI's and Safety-Kleen's one-sided presentation asserts, they should have demonstrated that, on the merits, in the Superior Court and then removed the action to federal court once Safety-Kleen had been dismissed from the case, with prejudice, in that forum.  If the response to that suggestion is that it would have taken too long for that to have occurred and still allow for a diversity-based removal within the one-year time limit set by 28 U.S.C. § 1446(c), that is hard to see as anything other than a confirmation of the wisdom behind refraining from making a rushed judgment on the issue of Plaintiff's true employer in the course of a threshold jurisdictional examination.

   In light of the foregoing, the Court grants Plaintiff's motion to remand and remands the action back to Los Angeles County Superior Court.  To the extent Plaintiff requests an award of fees or costs in connection with this motion, *see* Notice of Motion at 2:6-7, the Court denies that request under the applicable standard.  *See Grancare*, 889 F.3d at 552.

   It is so ordered.

: 

Initials of Preparer    JG